# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wells Fargo Bank,<br><br>                                      Plaintiff,<br>   vs.<br>Charles Dittes Parker and Carol Ann Parker,<br><br>                                  Defendants. | CASE NO. 11-CV-2839-LAB-WMC<br><br>**ORDER REMANDING CASE** |

      On December 15, 2010, Wells Fargo filed an unlawful detainer action against the Parkers in San Diego Superior Court. Almost one year later, on December 5, 2011, the Parkers removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1441(b).

      The Court is obliged to examine its own jurisdiction, *sua sponte* if necessary, *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999), and to remand any removed action over which it lacks jurisdiction. 28 U.S.C. § 1447(c). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Under the well-pleaded complaint rule, federal question jurisdiction only exists when the complaint is based on federal law; federal questions in defenses or counterclaims are insufficient. *Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 1272, 1278 (2009). Wells Fargo's complaint contains no federal

- 1 -

claims; here, the only federal question identified in the Parkers' removal notice is *their own* claim or defense arising under the Truth in Lending Act. That is an inadequate basis for removal, and the Parkers have not identified any other basis. Because the notice of removal does not show why this action was removable, it is **REMANDED** to the court from which it was removed.

**IT IS SO ORDERED**.

DATED: December 13, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge